This suit results from the sale by defendant, Frank Macheca, to plaintiff, Jean Serio, on April 1, 1943, of a five apartment building known as No. 3316 Prytania Street, in New Orleans. It is alleged by Serio that when the sale was consummated it was subject to an agreement by Macheca that he would complete the remodelling or renovating of one of the apartments on the third floor and would install certain furniture and furnishings in said apartment, and that he would guarantee a tenant for the said apartment at $45 a month from that time until September 30, 1943. Serio also alleges that Macheca failed to furnish certain articles of furniture and failed to repair certain others, and that consequently in order to lease the apartment after September 30, 1943, it was necessary for him to expend $119.80 to obtain the necessary furniture and to make the necessary repairs. In his petition he itemizes these expenditures as follows:
Gas stove .........................$59.00 Electric refrigerator (no handle) ......................... 3.80 Cabinet ........................... 14.50 3 chairs .......................... 4.50 Venetian blinds ................... 3.50 Tax ............................... 10.25 Repair gas heater ................. 2.50 Connect heater and stove .......... 15.75 $119.80 -------
Macheca admits the sale of the property and he concedes that the Venetian blinds were not furnished but he avers that because of the war it was impossible to obtain Venetian blinds and he also says that he obtained a new handle for the refrigerator and placed it inside the box, and that it could have been attached in a few seconds by any one. He admits also that he did not actually deliver to the apartment the gas stove but avers that the stove, which was intended to be installed in the apartment, was available and could have been furnished at any time had plaintiff called upon him to install it.
In the court below there was judgment for plaintiff as prayed for and defendant has appealed.
The record shows that the building was sold on April 1, 1943, and that at that time defendant, Macheca, guaranteed a tenant for the unfinished third floor apartment, and that he agreed to complete the painting and papering of the apartment and to furnish it with the following:
Kitchenette:
Electric refrigerator Gas stove Cabinet
Combination Living Room and Bedroom:
Dining table 4 chairs Simmons type of bed sofa Chest of drawers Table lamp Lamp Extra chair 1 gas radiant heater Regular 9 x 12 Rug Small Ante rug Venetian blind
The records shows too that the apartment was rented during the time covered by defendant's guarantee and that therefore no liability on that score came into existence. It shows also that during that time the persons who occupied the third floor apartment were transients and did not require a stove, and that therefore during all of that time no demand was made on defendant to install the stove.
We are convinced from the record that Venetian blinds were unobtainable. We are also convinced that defendant had on hand, and could have installed the stove and cabinet which he agreed to furnish for the kitchenette had proper demand been made upon him for their installation.
[1] Defendant's agreement to furnish the stove certainly cannot be distorted into an agreement to permit the plaintiff to purchase a new stove of his own selection and, therefore, reasonable demand should have been made upon defendant for the installation of the stove which the agreement contemplated. The same may be said of the cabinet. These two items must be eliminated from plaintiff's bill. The handle of the refrigerator was actually furnished *Page 366 
and we are convinced that its installation would have required only a few moments. The charge for this item should also be eliminated.
However, the record does not justify the conclusion that the trial judge was in error in finding that one of the chairs was missing and that the gas heater and the Venetian blinds were also missing. Recovery was properly allowed on these items. The charge of the plumber for connecting the fixtures and the charge for taxes have not been substantiated.
[2] Our conclusion is that the judgment appealed from should be reduced by the elimination of the items mentioned which we now repeat:
Gas stove ................... $59.00 Cabinet ..................... 14.50 Refrigerator handle ......... 3.80 Tax ......................... 10.25 Plumbing charges ............ 15.75 -------- $103.30
Defendant is, therefore, liable for the remaining items, to-wit:
1 chair ..................... $4.50 Gas heater .................. 2.50 Venetian blinds ............. 9.50 $16.50
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is amended by the reduction thereof to $16.50, and, as thus amended, it be and it is affirmed; plaintiff-appellee to pay costs of appeal, defendant-appellant to pay all other costs.
Amended and affirmed.